UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.

**SUZANNE JOHNSON**, on behalf of herself
and all others similarly situated,

           Plaintiff,

    v.

**20/20 HEARING CARE NETWORK, LLC,**

           Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1452 defendant 20/20 Hearing Care Network, LLC ("HCN" or "Defendant") hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and styled as Case No. CACE 21013038 ("the State Court Action"), to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of removal, HCN states as follows:

**I.    BACKGROUND**

1. On June 29, 2021, plaintiff Suzanne Johnson, ("Plaintiff"), individually and on behalf of all other similarly situated individuals (collectively "Plaintiffs"), commenced a putative class action by filing a Class Action Complaint ("Complaint") against HCN. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On August 19, 2021, undersigned counsel for HCN executed a waiver of service ("Waiver of Service"). A true and correct copy of the Waiver of Service is attached hereto as Exhibit B.

3.  True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as Exhibit C.

4.  The Complaint alleges that Defendant committed statutory, regulatory and tort violations when it suffered a data security incident in January 2021 (the "Data Incident") that Plaintiffs allege to have affected their personal identifying information ("PII") and personal health information ("PHI"). Plaintiffs bring claims for negligence, negligence *per se*, intrusion upon seclusion/invasion of privacy, and violation of Florida's Deceptive and Unfair Trade Practices Act.

5.  The Complaint also seeks to certify a class of 3,253,822 individuals whose PII and PHI was compromised in the Data Incident.

6.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is within thirty (30) days after counsel for HCN executed the Waiver of Service.

7.  Nothing in this Notice of Removal shall constitute a waiver of HCN's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II. VENUE

8.  The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. § 1332. This is a purported class action in which the Complaint alleges that a putative class includes approximately 3.2 million individuals and the amount placed in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, and in which at least one plaintiff is a citizen of a State different from the Defendant. Removal is proper under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332(d).

9.  Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Broward County, Florida, the location where the State Court Action is pending.

### III. JURISDICTION

10. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) at least one plaintiff is a citizen of a State different from the Defendant, and (iv) the amount in controversy exceeds $5,000,000.00 in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d).

#### A. This Action Meets the "Class Action" Definition Under CAFA

11. The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action…

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

12. Plaintiff filed the State Court Action as a putative class action. *See* Ex. A, Compl. at ¶ 1 ("This class action…").

13. Plaintiff also asserts that she seeks to represent a class, defined as:

> All persons whose Private Information was compromised in the Data Breach and who were sent Notice of the Data Breach from Defendant or one of its affiliates or providers (the 'Class').

*Id*. at ¶ 120.

#86201169_v6

### B. The Putative Class Exceeds 100 Members

14. Plaintiff alleges that the putative class numbers 3,253,822. *See* Ex. A, Compl. at ¶ 1. Accordingly, the proposed class significantly exceeds one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

### C. The Action Meets CAFA's Minimal Diversity Requirement

15. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states).").

16. Plaintiff alleges that she is a citizen of the State of Florida and is a member of the class affected by the Data Incident. *See* Ex. A, Compl. at ¶¶ 1, 15.

17. Similarly, HCN is a Florida limited liability company with its principal place of business in Florida. *Id*. at ¶ 16.

18. Nevertheless, minimal diversity exists between the parties under CAFA as reflected by the allegations in the multiple other class actions complaints related to the subject Data Incident which were filed in the U.S. District Court for the Southern District of Florida pursuant to CAFA and are currently pending.

19. Between June 22, 2021 and July 8, 2021, five separate class action complaints were all filed in the U.S. District Court for the Southern District of Florida arising from the January 2021 Data Incident ("Federal Complaints").[2] *See* Comp. Ex. D, Federal Complaints. Each of the

---

[1] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, HCN denies that this action ultimately will prove appropriate for class treatment.
[2] Each of the Federal Complaints was either assigned or transferred to U.S. District Judge Rodolfo Ruiz II.

Federal Complaints alleged claims on behalf of the same approximately 3.2 million class members who are alleged to be the subject of the instant Plaintiffs' Complaint.  The Federal Complaints similarly brought suit against exclusively Florida entities, all of which bear either a contractual relationship to defendant HCN or are related parties thereof.  Although the Federal Complaints did not name HCN, some included HCN notices related to the Data Incident as exhibits in support of their claims.  *See, e.g.*, Comp. Ex. D, Bowen Compl., Ex. A thereto.  Certain of the Federal Complaints also contained allegations describing HCN's role in the Data Incident. *See, e.g.*, Comp. Ex. D, Bowen Compl. at ¶¶ 39-41.

20. Of these five class actions, two involved named plaintiffs who were alleged to reside outside of the State of Florida. *See* Comp. Ex. D, Fraguada Compl. at ¶ 21 (alleging plaintiff Fraguada "is a natural person and a resident of Pennsylvania"); *see also* Comp. Ex. D, Bowen Compl. at ¶ 21 (same).  Both complaints further alleged that plaintiffs Fraguada and Bowen, respectively, and the defendants in those Federal Complaints, all of which are Florida entities, are "citizens of different states."  *See* Comp. Ex. D, Fraguada Compl. at ¶ 37; *see also* Comp. Ex. D, Bowen Compl. at ¶ 44.

21. Thereafter, U.S. District Judge Ruiz consolidated the five federal class actions and ordered the plaintiffs to file a single consolidated complaint ("Consolidated Complaint"), which was duly filed on July 30, 2021. *See* Ex. E, Consolidated Complaint.  The Consolidated Complaint names HCN as a defendant, as well as contractually-related entity 20/20 Eye Care Network, Inc. ("20/20 Eye Care") and related party iCare Acquisition, Inc. ("iCare"), and describes HCN's relationship to these other, operative co-defendants as follows:

> [HCN] and 20/20 Eye Care were originally under common ownership and used a shared data platform.  iCare acquired 20/20 Eye Care prior to the Data Breach, but it did not acquire [HCN].  The data platform stayed with 20/20 Eye Care, and 20/20 Eye Care provides services on behalf of [HCN] under a services agreement that

      continued following iCare's acquisition of 20/20 Eye Care.  20/20 Eye Care and [HCN] shared and stored patients' PII and PHI, including Plaintiffs' and Class Members' PII and PHI, in the same platform, which was compromised in the Data Breach.

*See* Ex. E, Consolidated Compl. at ¶ 26.

    22.    Like the Federal Complaints, the Consolidated Complaint invokes the U.S. District Court's jurisdiction under CAFA.  *Id*. at ¶ 76.  The Consolidated Complaint alleges "Plaintiffs, many absent Class Members, and Defendants are citizens of different states." *Id*. at ¶ 76.  In support for this allegation, plaintiffs note "[w]hile Defendants serve Floridians, persons outside Florida were impacted, including 221 residents of Maine."  *See* Ex. E, Consolidated Compl. at ¶ 76, n. 4.

    23.    Accordingly, because at least one plaintiff is a citizen of a state other than Florida, CAFA's minimal diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

    **D.**    **This Action Meets CAFA's Amount-in-Controversy Requirement**

    24.    CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000.00.  28 U.S.C. § 1332(d)(6).

    25.    The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover.  *McDaniel v. Fifth Third Bank*, 568 Fed. App'x. 729, 730 (11th Cir. 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are *ultimately likely to recover*.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) (emphasis in original).

26.	To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins.*, 943 F.3d 917, 925 (11th Cir. 2019)

27.	Plaintiffs' Complaint seeks declaratory and injunctive relief, compensatory damages, and attorney's fees and costs. *See* Ex. A, Compl. at 38, "Prayer for Relief."

28.	Although Plaintiffs' Complaint filed in the State Court Action does not specify the amount of damages Plaintiff and the class seek in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

29.	Specifically, Plaintiffs seek to certify a class of all U.S. individuals whose PII or PHI was compromised in the January 2021 security incident, which according to the Complaint totals "3,253,822 Class Members." *See* Ex. A, Compl. at ¶ 1. In addition, Plaintiffs allege "[t]he complimentary fraud and identity monitoring service offered by HCN is wholly inadequate…" (*See* Ex. A. at ¶ 99). As such, Plaintiffs allege "Plaintiff and Class Members may also incur out of pocket costs for, i.e., purchasing credit monitoring services…. to deter and detect identity theft." *Id*. at ¶12. Presumably, Plaintiffs will seek damages in the form of credit monitoring services for at least an additional year, for all noticed individuals. The price of credit monitoring services can range from $10 to $30 per month, with a typical term of at least one year or longer. *See, e.g. Porras v. Sprouts Farmers Mkt., LLC, EDCV161005JGBKKX,* 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (finding the cost of three years of credit monitoring services at $15.95 per month for each class member to be a reasonable estimate of damages for the purposes of the amount in controversy requirement under CAFA); *In re Equifax Inc. Customer Data Security Breach Litigation,* No. 1:17-md- 2800 TWT, ECF No. 1029, Amended Order Granting Final

Approval of Settlement at 5 (N.D. Ga. 2020) (citing a rate of $24.99 per month for credit monitoring services to be provided to class members).  For credit monitoring services at $15.95 per month, even a single year of additional credit monitoring for the alleged class of 3,253,822 would equal approximately $622.8 million.  And even if only 5% of the proposed class enrolled in the credit monitoring offer, that would still cost over $31 million -- well in excess of CAFA's $5,000,000.00 amount in controversy requirement.

30. Further, Plaintiffs' Complaint alleges four causes of action[3] against HCN, including a claim for violation of Florida's Deceptive and Unfair Trade Practice Act which seeks actual damages and attorneys' fees.  *See* Ex. A, Compl. at ¶¶ 160-170.  These allegations provide additional support that the amount-in-controversy requirement under CAFA is met.

IV. **NOTICE**

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

32. A copy of the civil cover sheet is attached hereto.

V. **CONCLUSION**

WHEREFORE, HCN respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

---

[3] HCN reserves the right to challenge whether these causes of action are properly pled.

Dated: August 20, 2021

                                            Respectfully submitted,

/s/ *Caitlin Saladrigas*

Caitlin F. Saladrigas, Esq.
Florida Bar No. 0095728
HOLLAND & KNIGHT LLP
777 South Flagler Drive,
Suite 1900, West Tower
West Palm Beach, FL 33401
Tel.: (561) 833-2000
Fax: (561) 650-8399
Email: caitlin.saladrigas@hklaw.com

*Counsel for Defendant 20/20 Hearing Care Network, LLC*